(No. 3790— )

IDA HYNEMAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

WERNER H. SOMERS AND FRANK R. EAGLETON, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on the 15th day of April, 1943, for benefits under the Workmen's Compensation Act for an alleged injury to the above named claimant, while employed in the Elgin State Hospital, Elgin, Illinois.

The complaint alleges that on the 16th day of April, 1942, the claimant was employed as a domestic in the dining rooms at said State Hospital and that on that day she was inoculated against diphtheria by injection, as required by the authorities of the hospital. It further alleges that as a result of the aforesaid inoculation a lump developed on the upper muscle of her left arm and

that the arm has become paralyzed and the use thereof has become permanently lost.

The claimant and respondent have entered into a stipulation that claimant's annual earnings for the year next preceding the injury was $1,044.00, making her average weekly wage $20.08. It is further stipulated all requirements of Section 24 of the Workmen's Compensation Act were complied with.

The only question remaining for the court to determine is the nature and extent of claimant's injury. The record in this case is not very satisfactory to the court. No evidence was taken and the only thing to guide the court is a short, concise departmental report signed by the managing officer of the Elgin State Hospital and a short report signed by Dr. Edward T. Driscoll, to whom the claimant was sent by the respondent for treatment. This report is dated February 28, 1943, which apparently was the last time claimant was treated or examined.

This report states:

"Our examination at this time reveals that there is considerable atrophy of the left deltoid muscle. She also has a limitation of motion in the shoulder joint. She is able to abduct her arm about 40° and forward flexion to about 85° and extension 15°. She has made some improvement with physio-therapy and thiamine chloride. However, there seems to be a residual permanent impairment of function. I would estimate that since there is such a loss of motion that her impairment of function could be rated as from fifteen to twenty per cent."

The departmental report above referred to contains the following statement made at the request of the institution by M. C. Benford, M. D., Assistant Medical Superintendent of the University of Illinois College of Medicines:

"Mrs. Hyneman was seen in our dispensary on July 5, 1942, at which time she was complaining of a pain in the shoulder which was radiating down to the middle third of the arm. Our examination revealed atrophy of the left deltoid muscle, limitation of motion in all

directions in the left shoulder. The most likely cause for this condition is probably a toxic neuritis resulting from the diphtheria toxoid injection."

An accidental injury, within the meaning of the Workmen's Compensation Act, is one which occurs in the course of the employment unexpectedly and without the affirmative act or design of the employee. The word "accident" is not to be technically construed. It may comprehend any event which is unforeseen and not expected by the person to whom it happens. The act of vaccination of the claimant was expected and was in itself not an accident. The infection was not expected and is traceable to the act of vaccination and is compensable.

After a full consideration of this record, the court finds that the claimant and respondent were, on the 16th day of April, 1942, operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned said claimant sustained accidental injuries which did arise out of and in the course of the employment; and that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act. That the earnings of claimant next preceding the injury were $1,044.00, and that the average weekly wage was $20.08. That the claimant at the time of the injury had no children under sixteen years of age. That necessary first aid, medical and hospital services were provided by the respondent herein excepting an expenditure by claimant for travelling expenses and medicines amounting to the sum of $75.00.

That claimant is entitled to have and receive from the respondent the sum of $11.04 per week for a period

of 33¾ weeks, as provided in Section 8, paragraph e of said Act, as amended, for the reason that the injury sustained caused a 15% permanent loss of use of the left arm of the claimant.

An award is hereby entered against the respondent and in favor of claimant, Ida Hyneman, in the sum of $447.60, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."